# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| PAYCE CARUPELLA,<br>Appellant, | DOCKET NUMBER<br>PH-3443-17-0124-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>Agency. | DATE: May 12, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Randolph Elliott</u>, Camp Hill, Pennsylvania, for the appellant.

<u>Nancy Anna Waldron</u>, Huntsville, Alabama, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegations that (1) she engaged in whistleblowing activity by making a protected disclosure and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). To satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3) in an IRA appeal, an appellant must file a complaint with OSC and inform OSC of the precise ground of her charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation which might lead to corrective action.[2] *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992).

¶3 Here, although the appellant claimed that the agency took various actions against her in reprisal for protected whistleblowing, she indicated on her appeal form that she had not filed a complaint with OSC. Initial Appeal File, Tab 1 at 6.

---

[2] We have reviewed the relevant legislation amending the whistleblower protection statutory scheme that was enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal, nor does it affect the relevant holdings of the case law cited in this Final Order.

There is nothing in the record below otherwise showing that the appellant first sought relief with OSC before filing her Board appeal. Therefore, the administrative judge correctly dismissed the appeal for lack of IRA jurisdiction.

¶4    On review, the appellant asserts that she filed a complaint with OSC, and she includes a copy of her complaint and correspondence from OSC. Petition for Review (PFR) File, Tab 1 at 9-15. The Board has exercised its discretion to reopen an appeal when the appellant submits evidence for the first time on review that does not meet the Board's review criteria under 5 C.F.R. § 1201.115(d) but that implicates the Board's jurisdiction and warrants an outcome different from that in the initial decision. *Atkinson v. Department of State*, 107 M.S.P.R. 136, ¶ 12 (2007). In particular, when an appellant submits evidence of exhaustion for the first time on review, the Board will consider it, along with other record evidence, to determine if the appellant has met her jurisdictional burden. *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 7 (2013).

¶5    Here, instead of filing an OSC Form 11 "Complaint of Possible Prohibited Personnel Practice or Other Prohibited Activity" with OSC's Complaints Examining Unit, the appellant filed an OSC Form 12 "Disclosure of Information" with OSC's Disclosure Unit.[3] PFR File, Tab 1 at 9-15. The Disclosure Unit does not review allegations of prohibited personnel practices, and the Board has held that making a disclosure to the Disclosure Unit does not satisfy the exhaustion requirement under 5 U.S.C. § 1214(a)(3). *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 9 (2016); *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 16 (2011). Therefore, the appellant's newly filed evidence does not establish that she exhausted her administrative remedies before OSC and does not warrant an outcome different from that of the initial decision. We thus

---

[3] After the appellant submitted the form to OSC, OSC reorganized its components such that the functions previously performed by the Complaints Examining Unit are now performed by the Investigation and Prosecution Division.

find that the administrative judge correctly dismissed this appeal for lack of IRA jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

 Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

 http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:      /s/ for _____

             Jennifer Everling
             Acting Clerk of the Board

Washington, D.C.